UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **SCOTTSDALE INSURANCE COMPANY,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CASE NO. 1-16-CV-1312-SS** |
| | § | |
| | § | |
| **AMERICAN MERCURY INSURANCE** | § | |
| **COMPANY,** | § | |
| **Defendant.** | § | |

DEFENDANT, AMERICAN MERCURY INSURANCE COMPANY'S
ORIGINAL ANSWER AND COUNTERCLAIM

Defendant, American Mercury Insurance Company ("Defendant" and/or "American Mercury"), files this, its First Amended Answer and Counterclaim, and in support thereof respectfully shows:

## I. ANSWER

### A.   ADMISSIONS AND DENIALS

1.      Defendant is without sufficient information to either admit or deny the allegations in Paragraph 1 of Plaintiff's Original Complaint ("Complaint").

2.      Defendant admits the allegations in Paragraph 2 of Plaintiff's Complaint.

3.      Defendant admits the allegations in Paragraph 3 of Plaintiff's Complaint.

4.      Defendant admits the allegations in Paragraph 4 of Plaintiff's Complaint.

5.      Defendant admits the allegations in Paragraph 5 of Plaintiff's Complaint.

6.      Defendant admits the allegations in the first sentence of Paragraph 6 of Plaintiff's Complaint and denies the remaining allegations in Paragraph 6.

7.      Defendant admits the allegation in Paragraph 7 of Plaintiff's Complaint.

8.      Defendant admits the allegations in the allegations in the first sentence of Paragraph 8 of Plaintiff's Complaint. Defendant is without sufficient information to admit or deny the allegations in the second sentence of Paragraph 8.

9.      Defendant admits to the allegations in the first and second sentences of Paragraph 9 of Plaintiff's Complaint. Defendant denies the remaining allegations in Paragraph 9.

10.     Defendant is without sufficient information to admit or deny that the insurance policy information cited in Paragraph 10 of Plaintiff's Complaint is correct.

11.     Defendant respectfully refers the Court to the various Scottsdale policies on which Plaintiff relies, which speak for themselves, for the exact policy language contained therein. Subject thereto, Defendant denies that all of the insurance provisions contained in those Scottsdale policies are set forth in Paragraph 11 of Plaintiff's Complaint. Defendant is without sufficient information or knowledge to admit or deny the remaining allegations of Paragraph 11.

12.     Defendant admits that Plaintiff has set forth policies issued by American Mercury in Paragraph 12 of Plaintiff's Complaint. Defendant denies the remaining allegations in Paragraph 12.

13.     Defendant admits American Mercury issued the policies identified in Paragraph 13 of Plaintiff's Complaint, but denies that Neans Masonry, Inc. ("Neans") qualifies as an additional insured thereunder. Defendant admits that Arturo Gomez d/b/a Gomez Masonry ("Gomez") performed some work on the Cat Hollow Project. Defendant respectfully refers the Court to the provisions of Gomez's alleged contract with Neans regarding that work, which speaks for itself, for the specific nature, terms, conditions and scope thereof. Defendant denies the remaining allegations of Paragraph 13 of Plaintiff's Complaint.

14.     Defendant admits American Mercury issued the policies identified in Paragraph 14 of Plaintiff's Complaint, but denies that Neans qualifies as an additional insured thereunder. Defendant also denies that all of the policies were in effect for the entire stated policy periods, as some of the policies appear to have lapsed for various periods of time.  Defendant admits that Salomon Mata ("Mata") performed masonry work on the Cat Hollow Project. Defendant respectfully refers the Court to the provisions of Mata's alleged contract with Neans regarding that work, which speaks for itself, for the specific nature, terms, conditions and scope thereof. Defendant denies the remaining allegations of Paragraph 14 of Plaintiff's Complaint.

15.     Defendant admits American Mercury issued the policies identified in Paragraph 15 of Plaintiff's Complaint, but denies that Neans qualifies as an additional insured thereunder. Defendant admits that Eusebio Mario Gonzalez ("Gonzalez") performed masonry work on the Cat Hollow Project. Defendant respectfully refers the Court to the provisions of Gonzalez's alleged contract with Neans regarding that work, which speaks for itself, for the specific nature, terms, conditions and scope thereof.  Defendant denies the remaining allegations of Paragraph 15 of Plaintiff's Complaint.

16.     Defendant admits American Mercury issued the policies identified in Paragraph 16 of Plaintiff's Complaint, but denies that Neans qualifies as an additional insured thereunder. Defendant admits that Jesus Banda Guerrero ("Guerrero") performed masonry work on the Cat Hollow Project. Defendant respectfully refers the Court to the provisions of Servando Guerrero's alleged contract with Neans regarding that work, which speaks for itself, for the specific nature, terms, conditions and scope thereof.  Defendant denies the remaining allegations of Paragraph 16 of Plaintiff's Complaint.

3

17.     Defendant admits American Mercury issued the policies identified in Paragraph 17 of Plaintiff's Complaint, but denies that Neans qualifies as an additional insured thereunder. Defendant also denies that all of the policies were in effect for the entire stated policy periods, as some of the policies appear to have lapsed for various periods of time. Defendant admits that Juan Pablo Orduna Garcia ("Garcia") performed masonry work on the Cat Hollow Project. Defendant respectfully refers the Court to the provisions of Garcia's alleged contract with Neans regarding that work, which speaks for itself, for the specific nature, terms, conditions and scope thereof. Defendant denies the remaining allegations of Paragraph 17 of Plaintiff's Complaint.

18.     Defendant admits American Mercury issued the policies identified in Paragraph 18 of Plaintiff's Complaint, but denies that Neans qualifies as an additional insured thereunder. Defendant admits that Tirso Lopez Villanueva ("Villanueva") performed masonry work on the Cat Hollow Project. Defendant respectfully refers the Court to the provisions of Villanueva's alleged contract with Neans regarding that work, which speaks for itself, for the specific nature, terms, conditions and scope thereof. Defendant denies the remaining allegations of Paragraph 18 of Plaintiff's Complaint.

19.     Defendant admits that the insurance contract provisions cited in Paragraph 19 of Plaintiff's Complaint are from Commercial General Liability Coverage From CG 00 01 10 93, but respectfully refers the Court to the American Mercury policies pleaded in Paragraphs 13 through 18 of Plaintiff's Complaint, which speak for themselves, for the exact terms, provisions and conditions thereof. Subject to same, Defendant denies Paragraph 19 of Plaintiff's Complaint sets forth all of the relevant insurance provisions contained in those American Mercury policies.

4

20.     Defendant admits that the endorsement cited in Paragraph 20 of Plaintiff's Complaint is contained in in the American Mercury policies. Defendant denies that all of the relevant insurance provisions contained in the American Mercury policies are set forth.

21.     Defendant denies all allegations in Paragraph 21 of Plaintiff's Complaint.

22.     Defendant denies the allegations in Paragraph 22 of Plaintiff's Complaint.

23.      Defendant respectfully refers the Court to the various Scottsdale policies on which Plaintiff relies, which speak for themselves, for the exact language contained therein.  Subject thereto, Defendant denies that Paragraph 23 of Plaintiff's Complaint sets forth all of the relevant insurance provisions contained in those Scottsdale policies.

24.     Defendant denies the allegations in Paragraph 24 of Plaintiff's Complaint.

25.     Defendant admits the allegations in Paragraph 25 of Plaintiff's Complaint.

26.     Defendant respectfully refers the Court to the pleadings of the underlying construction defect litigation, which speak for themselves, for the specific allegations and claims thereof. Subject thereto, Defendant denies the characterization of those pleadings as alleged in Paragraph 26 of Plaintiff's Complaint.

27.     Defendant denies the allegations in Paragraph 27 of Plaintiff's Complaint because Neans did not qualify as an additional insured under American Mercury policies.

28.     Defendant denies the allegations in Paragraph 28 of Plaintiff's Complaint.

29.     Defendant is without sufficient information to admit or deny the allegations in the first and fourth sentences in Paragraph 29 of Plaintiff's Complaint, and denies that Scottsdale is entitled to the relief it seeks in the second and third sentences.

30.     Defendant admits that, in Paragraph 30, Plaintiff seeks to incorporate by reference each and every allegation set forth in the preceding paragraphs of Plaintiff's Complaint.

Defendant incorporates by reference all of Defendant's admissions and denials asserted in these paragraphs.

31.     Defendant denies the allegations in Paragraph 31 of Plaintiff's Complaint and denies that Plaintiff is entitled to the relief it seeks in this paragraph.

32.     Defendant admits that, in Paragraph 32, Plaintiff seeks to incorporate by reference each and every allegation set forth in the preceding paragraphs of Plaintiff's Complaint. Defendant incorporates by all reference all of Defendant's admissions and denials asserted in these paragraphs.

33.     The allegations in paragraph 33 of Plaintiff's Complaint are procedural and no response is required.

34.     Defendant denies that Plaintiff is entitled to the relief and declarations it seeks in Paragraph 34 of Plaintiff's Complaint.

35.     Defendant denies that Plaintiff is entitled to the relief it seeks in Paragraph 35 of Plaintiff's Complaint.

36.     Defendant denies the allegations in Paragraph 36 of Plaintiff's Complaint.

37.     Defendant denies that Plaintiff is entitled to the judgment and declarations set forth in the Prayer.

**B.     AFFIRMATIVE DEFENSES**

38.     Plaintiff's Complaint against American Mercury is or may be barred, in whole or in part, for its failure to state a claim upon which relief may be properly granted.

39.     Plaintiff's Complaint against American Mercury is or may be further and/or alternatively barred, in whole or in part, by Plaintiff's lack of standing to bring the same against American Mercury and/or to seek any of the relief sought therein.

6

40.     The claims made the basis of Plaintiff's Complaint against American Mercury are or may be further and/or alternatively barred, in whole or in part, by Plaintiff's or another's failure to mitigate damage as required by law and/or any American Mercury policies under which Plaintiff seeks recovery herein.

41.     The claims made the basis of Plaintiff's Complaint against American Mercury are or may be further and/or alternatively barred, in whole or in part, by Neans' failure to qualify as an "additional insured" under the American Mercury policies under which Plaintiff seeks recovery herein.  Specifically, said policies provide in relevant part:

* * *

> WHO IS AN INSURED (Section II) is amended to include the person or organization shown in the Schedule, but only with respect to liability arising out of your ongoing operations performed for that insured.

* * *

42.     The claims made the basis of Plaintiff's Complaint against American Mercury are or may be further and/or alternatively barred, in whole or in part, by the application and operation of the "business risk" exclusions at j. (5), (6), l., and/or m., and one or more of the following exclusions to the American Mercury policies under which Plaintiff seeks recovery herein:

* * *

**SECTION I COVERAGES**

**COVERAGE A.  BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

* * *

**2.     Exclusions.**

This insurance does not apply to:

7

a.    Expected or Intended Injury
"Bodily injury" or "property damage" expected or
intended from the standpoint of the insured. This
exclusion does not apply to "bodily injury" resulting
from the use of reasonable force to protect persons or
property.

b.    Contractual Liability
"Bodily injury" or "property damage" for which the
insured is obligated to pay damages by reason of the
assumption of liability in a contract or agreement. This
exclusion does not apply to liability for damages:

(1)    Assumed in a contract or agreement that is an
"insured contract," provided the "bodily injury"
or "property damage" occurs subsequent to the
execution of the contract or agreement; or

(2)    That the insured would have in the absence of the
contract or agreement.

\* \* \*

43.    The claims made the basis of Plaintiff's Complaint against American Mercury are or

may be further and/or alternatively barred, in whole or in part, for its failure to involve sums

that an "insured" was or may have become "legally obligated to pay as damages because of"

an "occurrence" of "property damage'" during the American Mercury policies under which

Plaintiff seeks recovery herein.  Specifically, said policies provide:

\* \* \*

**SECTION I COVERAGES**

**COVERAGE A.  BODILY INJURY AND PROPERTY DAMAGE
LIABILITY**

1.    **Insuring Agreement**

a.    We will pay those sums that the insured becomes legally
obligated to pay as damages because of "bodily injury" or
"property damage" to which the insurance applies. We

will have the right and duty to defend the insured against any "suit" seeking those damages. ...

    b.    This insurance applies to "bodily injury" and "property damage" only if:

        (1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

        (2)    The "bodily injury" or "property damage" occurs during the policy period. ...

\* \* \*

## SECTION V – DEFINITIONS

\* \* \*

12.    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \*

15.    "Property Damage" means:

    a.    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b.    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

\* \* \*

44.    The claims made the basis of Plaintiff's Complaint against American Mercury are or may be further and/or alternatively barred, in whole or in part, by Plaintiff's or another's prejudicial failure to give timely notice, as required by law and/or the American Mercury policies under which Plaintiff seeks recovery herein.

45.    The claims made the basis of Plaintiff's Complaint against American Mercury are or may be further and/or alternatively barred, in whole or in part, by Plaintiff's or another's

prejudicial failure to perform a contractual and/or legal condition precedent to the recovery sought by Plaintiff under the American Mercury policies at issue herein.

46.     The claims made the basis of Plaintiff's Complaint against American Mercury are or may be further and/or alternatively barred, in whole or in part, by Plaintiff's or another's prejudicial failure to comply with one or more of the conditions of coverage contained in the American Mercury policies under which Plaintiff seeks recovery herein.  Specifically, said policies provide:

* * *

**SECTION   IV   –   COMMERCIAL   GENERAL   LIABILITY CONDITIONS**

* * *

**2.     Duties in The Event Of Occurrence, Offense, Claim Or Suit**

* * *

d.     No insureds will, except at their own cost, voluntarily make a payment, assume any obligation, or incur any expense, other thab for first aid, without our consent.

**3.     Legal Action Against Us**

No person or organization has a right under this Coverage Part:

* * *

d.     To sue us on this Coverage Part unless all of its terms have been fully complied with.
A person or organization may sue to recover on an agreed settlement or on a final judgment against an insured; but we will not be liable for damages that are not payable under the terms of this Coverage Part or that are in excess of the applicable Limits of Insurance.  An agreed settlement means a settlement and release of liability signed by us, the insured and the claimant or the claimant's legal representative.

10

* * *

47.     The claims made the basis of Plaintiff's Complaint against American Mercury are or may be further or alternatively barred, in whole or in part, by the "Other Insurance" provisions of the American Mercury policies under which Plaintiff seeks recovery herein.

48.     The claims made the basis of Plaintiff's Complaint against American Mercury are or may be further or alternatively barred, in whole or in part, by "Exterior Veneer and Insulation Procedures Exclusion" Endorsement of the American Mercury policies under which Plaintiff seeks recovery herein.

49.     The claims made the basis of Plaintiff's Complaint against American Mercury are or may be further or alternatively barred, in whole or in part, by the non-necessity and/or unreasonableness of the defense costs Plaintiff seeks to recover under the American Mercury Policies at issue herein.

50.     The claims made the basis of Plaintiff's Complaint against American Mercury are or may be further or alternatively barred, in whole or in part, by the unreasonableness of the indemnity costs Plaintiff seeks to recover under the American Mercury Policies at issue herein

51.     The claims made the basis of Plaintiff's Complaint against American Mercury are or may be further or alternatively barred, in whole or in part, to the extent Neans is not liable as claimed in the underlying construction defect litigation.

52.     The claims made the basis of Plaintiff's Complaint against American Mercury are or may be further or alternatively barred, in whole or in part, by the policies' prohibition against the insuring of known losses and/or, similarly, the prohibition against the insuring of known, progressive and other non-fortuitous losses under Texas common law.

11

## II. COUNTERCLAIM

53.     Defendant, American Mercury Insurance Company, files this, its Counterclaim for Declaratory Judgement in connection with the *Cat Hollow* Litigation. Defendant specifically seeks a declaration that:

      a.     Neans is not an additional insured under the American Mercury policies issued to the subcontractors because Neans' liability did not arise out of the subcontractors' ongoing operations as required by the additional insured endorsements;

      b.     American Mercury did not owe a defense or indemnity to Neans as an additional insured or otherwise;

      c.     The Scottsdale policies are not excess to the American Mercury policies; and

      d.     American Mercury is not obligated to reimburse Scottsdale for defense costs and indemnity payments paid on behalf of Neans in the *Cat Hollow* Litigation.

      WHEREFORE, PREMESIS CONSIDERED, American Mercury Insurance Company respectfully prays that upon final trial hereof, the Court render Declaratory Judgment against Plaintiff and in favor of Defendant declaring the above requested relief, and that Plaintiff take nothing on the claims asserted against Defendant. Defendant further requests that it be awarded costs of court, reasonable and necessary attorney's fees in the defense of this action as authorized by §§ 37.009 and 38.001 if the Texas Civil Practice and Remedies Code and 28 U.S.C. § 2202 and any subsequent appeal of this case, and for such other and further relief, both in law or in equity to which Defendant may show itself justly entitled.

Respectfully submitted,

Jeffrey E. Farrell
State Bar No. 00787453
Federal Bar No. 16842
MARTIN DISIERE JEFFERSON & WISDOM, L.L.P.
900 S. Capital of Texas Hwy., Suite 425
Austin, Texas  78746
Telephone:  (512) 610-4400
Facsimile:  (512) 610-4401
Email:  farrell@mdjwlaw.com

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing instrument has been served on all counsel of record through the court's ECF notification system on the 24th day of April, 2017.

Peri K. Alkas
PHELPS DUNBAR, L.L.P.
500 Dallas, Suite 1300
Houston, Texas 770002
Telephone:  (713) 626-1386
Facsimile:  (713) 626-1388
alkasp@phelps.com

Jeffrey E. Farrell